UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:07-cr-125-SEB-MJD-09 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CRUZ SAENZ | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cr-00125-SEB-MJD |
| | ) | |
| CRUZ SAENZ, | ) -09 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Cruz Saenz has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 1092. Mr. Saenz seeks immediate release from incarceration. *Id.* For the reasons explained below, his motion is **DENIED**.

**I.     Background**

On September 26, 2007, Mr. Saenz and 18 other codefendants were indicted for conspiracy to distribute cocaine. Dkt. 78. Twenty months later, a jury convicted Mr. Saenz of conspiring to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846. *United States v. Saenz*, 623 F.3d 461, 463 (7th Cir. 2010); Dkt. 770. As summarized by the Seventh Circuit, "[t]his case involved a large-scale cocaine distribution network based out of Juarez, Mexico . . . . Cruz Saenz, now forty-four years old, was a longhaul truck driver who made about $43,000 per year. His brief involvement in the network began on August 29, 2007, when Mascorro [the primary Indianapolis connection to the conspiracy] asked 'Alex' [a network member in Mexico] for a truck driver to deliver money because Mascorro owed him $500,000 for drugs that had been fronted. The next day, Saenz called Mascorro at Alex's request, and Saenz and Mascorro arranged a time to meet. Saenz met Mascorro and picked up a duffel bag containing money, and then he began the drive

toward El Paso. Mascorro did not tell Saenz how much money the bag contained. Mascorro also did not tell Saenz that he was now cooperating with law enforcement, and officers soon arrested Saenz." *United States v. Saenz*, 623 F.3d 461, 463 (7th Cir. 2010). After two appeals, the Court ultimately sentenced Mr. Saenz to 240 months of imprisonment, followed by a 10-year term of supervised release. Dkts. 997, 1001. The Bureau of Prisons ("BOP") lists Mr. Saenz's anticipated release date (with good-conduct time included) as October 30, 2024.

Mr. Saenz is 54 years old. He is currently incarcerated at FCI La Tuna in Anthony, Texas. As of July 9, 2021, the BOP reports that no inmates and one staff member at FCI La Tuna have active cases of COVID-19; it also reports that 436 inmates at FCI La Tuna have recovered from COVID-19 and that 2 inmates at FCI La Tuna have died from the virus. https://www.bop.gov/coronavirus/ (last visited July 9, 2021). The BOP also reports that 752 inmates and 178 staff members at FCI La Tuna have been fully inoculated against COVID-19. *Id.* That is, more than 80% of the inmates at FCI La Tuna have been fully inoculated against COVID-19. *See* https://www.bop.gov/about/statistics/population_statistics.jsp (showing that as of July 1, 2021, the BOP reports that FCI La Tuna and the camp at La Tuna have a total inmate population of 907).

In December 2020, Mr. Saenz filed a counseled motion for compassionate release. Dkt. 1092. The United States filed an opposition to the motion, dkt. 1095, and Mr. Saenz filed a reply, dkt. 1096. Thus, the motion is now ripe for decision.

## II. Discussion

Mr. Saenz seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 1092. Specifically, he contends that his medical conditions (type 2 diabetes, hypertension, and hyperlipidemia), which make him more susceptible

3

to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In opposition, the United States argues that Mr. Saenz has not established extraordinary and compelling reasons warranting release, that he would pose a danger to the community if released, and that the § 3553 sentencing factors weigh against granting release. Dkt. 1095.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is

---

[1] The United States concedes that Mr. Saenz exhausted his administrative remedies. Dkt. 1095 at 2.

> currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the

caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling

reason warranting a sentence reduction;[2] (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Saenz asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case because he has conditions (type 2 diabetes, hypertension, and hyperlipidemia) that increase his risk of experiencing severe COVID-19 symptoms. Dkt. 1092. The CDC (Centers for Disease Control) has recognized that having type 2 diabetes can make you more likely to get severely ill from COVID-19 and that having hypertension can possibly make you more likely to get severely ill from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 9, 2021). While it appears that Mr. Saenz may be managing his condition while incarcerated, the Court will assume without deciding that Mr. Saenz's risk of developing severe symptoms if he contracts COVID-19 creates an extraordinary and compelling reason that could warrant a sentence reduction.

This does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Saenz's request for compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford

---

[2] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court has considered the rationale provided by Mr. Saenz's warden in denying Mr. Saenz's administrative request for relief. Mr. Saenz's warden appears not to have considered the possibility that Mr. Saenz could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement. *See* dkt. 1092-4 at 5. Thus, the warden's decision provides little guidance to the Court's analysis.

adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Saenz's motion.

Here, Mr. Saenz suffers from a medical condition that increases his risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 9, 2021) (identifying type 2 diabetes as a condition that can make you more likely to get severely ill from COVID-19). While FCI La Tuna experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (last visited July 9, 2021) (showing that no inmates at FCI La Tuna have a current COVID-19 infection). More than 80% of the inmates at FCI La Tuna have been fully inoculated against COVID-19. *See id.* Thus, the risk that Mr. Saenz will actually contract COVID-19 has been significantly reduced. That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Saenz faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

Also weighing in Mr. Saenz's favor under the Court's § 3553(a) analysis, he has served approximately 80% of his sentence (with good-conduct time included). During that time, Mr. Saenz has completed nearly 150 BOP courses. Dkt. 1092-5. Mr. Saenz has not had any disciplinary infractions. Dkt. 1092-6. If or when he is released, Mr. Saenz will be living with his daughter and plans to provide support for his 75-year-old mother. Dkt. 1092 at 2. He has secured employment both as a cook and a warehouse associate. Dkt. 1092-7. Mr. Saenz also has experience as a truck driver and plans to have his commercial driver's license reinstated upon release. *Id.*

Weighing against him, Mr. Saenz was a part of an international conspiracy to distribute substantial amounts of cocaine. Mr. Saenz has a serious criminal history, including convictions for: (1) aiding and abetting unauthorized entry in 1986; (2) illegal investment in 1997; (3) possession of counterfeit federal reserve notes in 1992; (4) theft in 2000; and (5) injury to a child with intent bodily injury in 2001. Dkt. 1098. Mr. Saenz's supervised release was revoked for a violation for at least one of these convictions and, when he was arrested for the instant offense, he was still on probation for his felony convictions for theft and injury to a child with intent bodily injury. *Id.* Finally, while Mr. Saenz has served a substantial portion of his sentence, he is still not scheduled to be released for more than 3 years.

In light of these considerations, the Court finds that releasing Mr. Saenz early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. The Court is sympathetic to the risks Mr. Saenz faces from COVID-19 but does not find that the current magnitude of those risks warrant releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release

despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence).

### III. Conclusion

For the reasons stated above, Mr. Saenz's motion for compassionate release, dkt. [1092], is **denied**.

**IT IS SO ORDERED.**

Date: 7/12/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel